IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIE HAYWOOD | ) | |
| 1007 Montezuma Drive | ) | |
| Fort Washington, MD 20744 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| ROSE HAYWOOD | ) | |
| 1007 Montezuma Drive | ) | |
| Fort Washington, MD 20744 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff UNITED STATES OF AMERICA brings this action pursuant to 31 U.S.C. §

3711 at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the

Secretary of the Treasury, and at the direction of the Attorney General of the United States to

collect the outstanding civil penalties assessed against Defendants Willie and Rose C. Haywood

under 31 U.S.C. § 5321 for their non-willful failure to report their interest in a foreign bank

account during calendar years 2006 to 2012, as required by 31 U.S.C. § 5314 and its

implementing regulations.

### I. JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345 and 1355

because it arises under a federal statute, it is for the enforcement of a penalty incurred under an

Act of Congress, and because the United States is the plaintiff.

2.  Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in Prince George's County, Maryland.

## II. PARTIES

3.  Plaintiff is the United States of America.

4.  Defendant Willie Haywood is a United States citizen.

5.  Co-Defendant Rose Haywood is married to Defendant Willie Haywood and is a resident of Fort Washington, Maryland.

## III. BACKGROUND

6.  In 1980, Mr. Haywood began working in Nigeria as a consultant and representative for an American company in the process of building a flight simulator of the Lockheed C-130 Hercules military aircraft for the Nigerian Air Force.

7.  Haywood married Rose Haywood in 1987. That same year, Haywood partnered with Roland Schaer, a Swiss citizen and resident, to manage the financial side of the simulation project.

8.  As part of his duties, Schaer created Acadia Group S.A. ("Acadia"), a Panamanian company, to manage the finances for the simulation project. Schaer acted as the CEO/CFO of Acadia while Haywood managed the day-to-day operations of the simulation project in Nigeria. Haywood is the self-described 100% owner of Acadia.

9.  Haywood eventually took over the simulation project from the American company in 1996. Six years later in 2002, Schaer opened an account ending in No. x-441.6 at Banque CIC in Switzerland to manage the expenses and funding for the simulation project at Acadia. Schaer was responsible for depositing money into the account, paying suppliers via check and wire transfers, and managing the finances for Acadia.

2

10. Willie and Rose Haywood had an interest in the account ending in No. x-441.6 at Banque CIC from its inception.

11. Schaer died of a sudden heart attack in 2009. After his death, the Haywoods acquired signature authority over the Banque CIC account on behalf of Acadia. They then gave access to the bank account to Rene Kurth who had taken over Schaer's duties for Acadia.

### IV. THE FBAR REPORTING REQUIREMENTS

12. The United States incorporates paragraphs 1 through 11 as if fully set forth herein.

13. During the calendar years 2006 to 2012, Defendants had an interest in the Banque CIC account ending in x-441.6. Defendants also had signature authority over the foreign bank account beginning in 2009. The amount in the account exceeded $10,000 in U.S. currency during each of the relevant calendar years.

14. Section 5314 of Title 31 of the U.S. Code and its implementing regulations require a person to keep records and file reports when that person maintains a relation with a foreign financial agency. Such reports must be filed with the Internal Revenue Service ("Service") on the Treasury Form TD 90-22.1, Report of Financial Bank and Financial Accounts ("FBAR"). For the tax years at issue in this suit, the FBAR must have been filed on or before June 30 of the year following the calendar year for which the report was made. 31 C.F.R. § 1010.306(c). The Service extended the FBAR filing deadline to November 1, 2011 for a person to report foreign accounts over which, in 2009 or earlier, they only had signature authority. IRS Notice 2011-54.

15. Section 5321(a)(5) of Tile 31 provides for the imposition of civil penalties against a person who either willfully or non-willfully fails to comply with the reporting requirements of Section 5314.

16. Defendants were required to file a FBAR reporting their financial interest in the Banque CIC account on or before June 30, 2007, 2008, 2009, 2010, 2011, 2012, and 2013. To the extent that Defendants only had signature authority over the Banque CIC account in 2009, they were required to file an FBAR by November 1, 2011.

17.  The Haywoods used Professional Tax Service in Washington, D.C. to prepare their tax returns for over 40 years including through the 2012 tax year. The return preparer was aware that the Haywoods were living and working in Nigeria. However, the Haywoods did not inform the return preparer about Mr. Haywood's interest in Acadia or the Haywood's interest in the Banque CIC account. The Haywoods also did not seek advice about information reporting requirements.

18. The Haywoods did not include a Schedule B with their jointly-filed federal income tax returns for tax years 2006 to 2012. They also did not timely file FBARs reporting their interest in, or signature authority over, the Banque CIC bank account ending in 441.6 for calendar years 2006 to 2012.

## V. REDUCE TO JUDGMENT FBAR PENALTY ASSESSMENTS

19.  The United States incorporates paragraphs 1 through 18 as if fully set forth herein.

20. On December 3, 2018, a delegate of the Secretary of the Treasury made assessments against Defendants of non-willful FBAR penalties in the amounts of $10,000 for calendar years 2006, 2007, 2008, 2009, 2010, 2011, and 2012 for their failure to timely report their interest in, or signature authority over, the Banque CIC account ending in x-441.6. Notice of the assessment and a demand for payment was given to each defendant that same day.

21. Despite notice and demand for payment of the assessments described in paragraph 20, Defendants have neglected or refused to make full payment of those assessments.

22. Defendants Willie and Rose Haywood are each indebted to the United States in the total amount of $74,752.32 as of November 19, 2019, plus interest and penalties that have accrued since then, and will continue to accrue thereafter as provided by 31 U.S.C. § 3717(b) until the balance is paid in full.

WHEREFORE, the United States of America respectfully requests the Court to adjudge and decree as follows:

A.   That judgments be individually entered against Defendants Willie Haywood and Rose C. Haywood, and in favor of the United States in the amount of **$74,752.32** as of **November 19, 2019**, plus such additional amounts, including interest and penalties, that have accrued since then and will continue to accrue as provided by 31 U.S.C. § 3717(b); and

B.   That the United States shall recover its costs in this action, and be awarded such other and further relief as this Court deems just and proper.

DATED: November 27, 2020                              RICHARD E. ZUCKERMAN
                                                     Principal Deputy Assistant Attorney General

                                                     /s/*Joycelyn S. Peyton*
                                                     JOYCELYN S. PEYTON
                                                     Trial Attorney, Tax Division
                                                     U.S. Department of Justice
                                                     Post Office Box 227
                                                     Washington, D.C.  20044
                                                     Tel:  202-514-6576
                                                     Fax:  202-514-6866
                                                     Joycelyn.S.Peyton@usdoj.gov
                                                     *Counsel for the United States*